**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TIFFANY HAMMOND AND JAMES** ) | |
| **HAMMOND, as Next friend on behalf of** ) | |
| **Their minor daughter, R.E.H. and in their** ) | |
| **Individual capacities,** ) | |
| ) | **Jury Demanded** |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CAHOKIA UNIT SCHOOL DISTRICT** ) | |
| **#187, BOARD OF EDUCATION** ) | |
| ) | |
| **ILLINOIS STATE BOARD OF** ) | |
| **EDUCATION** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiffs Tiffany Hammond and James Hammond (collectively "Parents"), individually and on behalf of their minor child, R.E.H. ("R.E.H." or Student") (collectively "Plaintiffs"), through their attorneys, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 et seq., the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq. for their complaint regarding disability discrimination against Defendant Cahokia Unit School District #187 Board of Education ("District 187") and payment of attorneys' fees and litigation costs after prevailing in an Illinois State Board of Education ("ISBE") special education hearing.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331, 20 U.S.C. § 1415(i)(3), 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117(a).

2.      This court has supplemental jurisdiction over this controversy for the IHRA claims

pursuant to 28 U.S.C. § 1367.

3.      Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4.      Venue is properly located in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this complaint occurred within this District.

## PARTIES

5.      Plaintiff R.E.H. is a five-year-old girl who resides with Parents in Cahokia, Illinois.

6.      R.E.H. has been diagnosed with Speech and/or Language Impairment.

7.      R.E.H. is an individual with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A); ADA, 42 U.S.C. § 12102(1); Section 504, 29 U.S.C. § 705(20)(B); and IHRA, 775 ILCS 5/1-103(Q).

8.      R.E.H. is a student as defined by IHRA, 775 ILCS 5/5A-101(C).

9.      Defendant Cahokia Unit School District #187 Board of Education is immediately responsible for the control and administration of Cahokia Unit School District #187, where the incidents in this case took place. Defendant Board of Education is also responsible for ensuring that the practices and policies of Cahokia Unit #187 Schools are in compliance with State and Federal laws.

10.      District 187 is the governmental unit responsible for administering public special education programs, services, and schools within its jurisdiction. It qualifies as the "local educational agency" as defined in 20 U.S.C. § 1401(19) of IDEA.

11.      District 187 is a public entity and therefore a covered entity under Title II of the ADA, 42 U.S.C. § 12131(1), and its implementing regulations, 28 C.F.R. § 35.104.

12.      District 187 receives federal financial assistance and is therefore a covered entity

subject to the requirements of Section 504, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104.

13.    District 187 is a place of public accommodation as defined by IHRA, 775 ILCS 5/5-101(A)(11).

14.    District 187 is an institution of elementary, secondary, or higher education as defined by IHRA, 775 ILCS 5/5A-101(A).

15.    The IDEA, 20 U.S.C. § 1400 *et seq*., and its implementing regulations, 34 C.F.R. Part 300, mandate that states receiving federal special education funds ensure that children with disabilities are provided a free appropriate public education ("FAPE") in the least restrictive environment ("LRE").

16.    In addition, Section 504, 29 U.S.C. § 794, and Title II ADA, 42 U.S.C. § 12131 et seq., prohibit public school districts from discriminating against students with disabilities and similarly require the provision of FAPE and reasonable modifications to ensure equal access to educational programs and services.

17.    The President of the Board of Education of District 187 is Marius Jackson, the Superintendent of District 187 is Curtis McCall Jr. ("McCall Jr."), and its principal place of business is 1700 Jerome Ave., Cahokia, IL 62206.

18.    The Illinois State Board of Education the state educational agency ("SEA") responsible for overseeing the implementation of the IDEA in Illinois.

19.    ISBE oversees LEAs, like District 187, and ensures compliance with the IDEA and related state regulations.

20.    ISBE issues the final decision in an IDEA due process hearing and controls the administrative record that must be filed under 20 U.S.C. § 1415(i)(2)(C)(ii) and is responsible for

enforcing and defending its procedures and determinations.

## FACTUAL BACKGROUND

21.    In January 2024, Claimant began attending a District 187 Pre-K program.

22.    R.E.H. suffers from Speech and/or Language Impairment. District 187 found Claimant eligible for special education services in April 2024.

23.    R.E.H. has an older brother, R.W.H., who also has a Speech and/or Language Impairment. District 187 determined that R.E.H. was also eligible for special education services in May 2023.

24.    District 187 and Parents participated in an IEP meeting on May 1, 2024, creating the May 1, 2024, IEP ("The May 1, 2024, IEP").

25.    The May 1, 2024, IEP provided R.E.H. with thirty (30) minutes of speech/language services per week.

26.    The May 1, 2024, IEP placed R.E.H. in the Pre-K program's general education 80% of the time.

27.    District 187 School Board meeting minutes from May 2024 highlight the need to hire new speech therapists, given recent vacancies in the district.

28.    On August 21, 2024, R.E.H.'s first day of Pre-K, District 187 unilaterally ceased providing speech-language services to R.E.H. without notice to Parents and without amending R.E.H.'s IEP.

29.    When District 187 unilaterally ceased providing R.E.H. with speech-language services, it failed to reasonably accommodate her disability, thereby denying her meaningful and equal access to the District's educational programs and services.

30.    This failure to provide necessary related services constituted a denial of FAPE and

discriminated against R.E.H. on the basis of disability by depriving her of an equal opportunity to participate in and benefit from the District's educational offerings.

31.    On October 24, 2024, Parents attended a parent-teacher conference with R.E.H.'s brother's Kindergarten Teacher, Mary Underwood ("Underwood").

32.    This was the first time Parents learned that R.E.H. was not receiving speech therapy services.

33.    On October 28, 2024, Parents requested a meeting to discuss the cessation of speech services in an email to District 187 Interim Director of Special Education Kelly Richards ("Richards"), Early Childhood Program Director Denise Buettner ("Buettner"), Estelle Principal Ty Suhre ("Suhre"), Early Childhood Teacher Heather Fouts ("Fouts"), Paraprofessional Tymlyn Haynes ("Haynes"), and Underwood.

34.    On November 1, 2024, District 187 denied Parents' meeting request.

35.    On October 28, 2024, Parents emailed District 187 Superintendent, Curtis McCall Jr. ("McCall Jr.") regarding the discontinuation of R.E.H.'s speech therapy services and the events that transpired since her first request for an IEP meeting on October 28, 2024.

36.    McCall never responded.

37.    On November 4, 2024, Parents attended a District 187 School Board meeting, where Parents' requested to address the Board.

38.    However, after the meeting, Parents spoke with several District 187 School Board Members about their concerns regarding the termination of speech therapy services in the District.

39.    On November 8, 2024, Parents filed a due process complaint with the Illinois State Board of Education ("ISBE") on behalf of R.E.H. and R.W.H.

40.    At the time of Parents' Due Process Complaint, District 187 provided R.E.H. with

5

zero minutes of speech therapy in violation of her IEP.

41.     On November 15, 2024, Richards mailed Parents a certified letter informing them for the first time that District 187 had "staffing shortages" that resulted in the cessation of speech therapy services.

42.     The letter stated that District 187 was conducting a hiring search for speech therapy services and that compensatory education services would be provided when it hired new therapists.

43.     On December 9, 2024, District 187 Regular Board Meeting minutes reflect that board approval was obtained to enter into an agreement with the online speech therapy provider ProCare Therapy.

44.     On December 10, 2024, District 187 advised Parents that R.E.H. and R.W.H. would receive speech therapy "this week."

45.     District 187 did not initiate speech and language services for R.E.H. and R.W.H the week of December 10, 2024.

46.     On December 15, 2024, District 187 sent notice to Parents that R.E.H.'s speech therapy services would begin the week of January 6, 2025.

47.     District 187 did not initiate speech and language services for R.E.H. and R.W.H the week of January 6, 2025.

48.     On January 7, 2025, Plaintiffs . timely filed charges of Discrimination with the Illinois Department of Human Rights ("IDHR")[1].

49.     On January 28, 2025, District 187 initiated virtual speech therapy services for R.E.H. for sixty (60) minutes per week.

---

[1] Plaintiff received their Amended Notices to Opt Out of the Investigation and Administrative Process and Right to Commence an Action in Circuit Court on July 22, 2025.

50.     District 187 did not hold an IEP meeting to address the District's proposed changes to the speech-language services provided to R.E.H.

51.     District 187 did not amend R.E.H.'s May 1, 2024, IEP, which provided thirty (30) minutes of in-person speech-language instruction per week, to reflect the District's change in services to sixty (60) minutes of virtual speech-language instruction per week.

52.     District 187 did not provide Parents with Prior Written Notice of its proposed changes to R.E.H.'s speech-language services.

53.     By January 2025, R.E.H. had already suffered significant delays and regression due to the District's unilateral cessation of services in August 2024.

54.     District 187's unilateral decision denied Parents the opportunity to participate in important decisions regarding R.E.H.'s education and IEP and to provide the District with information to demonstrate that sixty (60) minutes of virtual speech-language instruction weekly was insufficient to address R.E.H.'s regression, which was caused by the District's termination of services twenty-one weeks earlier.

55.     District 187's actions caused a deprivation of educational benefit to R.E.H.

**FACTS RELATING TO DUE PROCESS HEARING**

56.     On June 16, 2025, an independent hearing officer ("IHO") appointed by ISBE conducted a due process hearing remotely via Zoom.

57.     During the hearing, Plaintiffs provided testimony and introduced records supporting the foregoing paragraphs of this Complaint, including but not limited to the following:

        a.     District 187 did not provide R.E.H. with the speech-language related service minutes in her May 1, 2024, IEP from August 21, 2024, to January 21, 2025 (21 weeks);

b.    District 187 denied R.E.H. a free appropriate public education (FAPE) in the least restrictive environment (LRE) by failing to provide R.E.H. speech/language services for the 2024-2025 school year as provided for in R.E.H.'s IEP;

c.    District 187 did not inform the family that R.E.H. was not receiving speech therapy services until November 2024;

d.    R.E.H. requires an additional 1,620 minutes of compensatory education due to District 187's denial of speech-language services;

58.    On July 1, 2024, IHO entered her Final Determination and Order ("July 1, 2025, Order"). A copy of this decision is attached hereto as Exhibit A and incorporated herein by reference.

59.    The IHO found:

a.    District 187 did not provide R.E.H. with any speech-language-related service minutes from August 21, 2024, through January 21, 2025;

b.    District 187's failure to notify Parents of the cessation of speech/language therapy resulted in the loss of educational opportunity arising to a denial of FAPE;

c.    District 187 must provide R.E.H. 1,620 minutes of compensatory speech/language therapy between June 6, 2025, and May 15, 2026, to be delivered at ABC Therapy or another similarly situated provider, and to pay at the prevailing community rate if third-party payment was unavailable;

d.    District 187 must reimburse Parents for round-trip mileage for transportation to the therapy provider at the 2025 Internal Revenue Service medical mileage

rate of $0.21 per mile, with all reimbursements due within 30 days of proof of services or mileage logs.

60.    As a direct and proximate result of District 187's conduct, R.E.H. suffered damage, injuries, pain and suffering, inconvenience, emotional distress, and impairment of the quality of life.

## COUNT ONE: INDIVIDUALS WITH DISABILITIES EDUCATION ACT AGAINST ALL DEFENDANTS

61.    Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

62.    R.E.H. is the prevailing party within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i)(I) in the foregoing administrative proceeding against District because a Final Determination and Order was ordered by the hearing officer entitling Student to all the relief requested in her Due Process Complaint. A copy of the Order is attached hereto as Exhibit A.

63.    Student is entitled to her reasonable attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

64.    To date, Student has accrued $80,152.50 in attorneys' fees and compensable court costs related to the IDEA claim.

65.    As Plaintiff anticipates further briefing and possible court appearances will be required after the filing of this Complaint related to the award of attorneys' fees and litigation expenses under the IDEA. Plaintiff will request leave from the Court to file a supplemental pleading reflecting any additional fees and expenses incurred subsequent to the filing of this Complaint.

66.    An itemized list of time and cost records are attached hereto as Exhibit B and incorporated herein.

67.     WHEREFORE, R.E.H. prays as follows:

a.     That this Court take jurisdiction over this matter;

b.     That this Court award the Plaintiff her reasonable costs, expenses, attorney's fees, and prejudgment interest as the prevailing party in the administrative proceedings in this matter, and for all costs, expenses, attorney's fees, and prejudgment interest associated with bringing this action; and

c.     That this Court grant such other and further relief as it deems just and proper.

## COUNT TWO: SECTION 504 OF THE REHABILITATION ACT AGAINST DISTRICT #187

68.     Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

69.     R.E.H. is a qualified individual with a disability within the meaning of 29 U.S.C. § 794(a). She has mental impairments that substantially limit major life activities, including thinking, communicating, and learning. She meets the essential eligibility requirements for participation in District 187's educational programs.

70.     District 187 wrongfully refused to make reasonable accommodations to its education programs to allow R.E.H. to fully and safely participate in and take advantage of its education programs. The accommodations requested by Parents, including speech therapy services, did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

71.     At all relevant times herein, District 187 had actual knowledge of R.E.H.'s meaningful exclusion from services and the substantial risk of harm that this created to R.E.H.

72.     District 187 was deliberately indifferent to R.E.H.'s unqualified right to meaningful participation in its special education programs and to Parents' right to an open due process hearing.

73.     By refusing to make reasonable accommodations to its special education programs to allow R.E.H. to participate meaningfully, District 187 discriminated against R.E.H. on the basis of her disability in violation of Section 504.

74.     WHEREFORE, R.E.H. prays as follows:

     a.     Declare District 187's conduct unlawfully discriminated against R.E.H. and violated Section 504;

     b.     Award R.E.H. such monetary damages as would fully compensate her for her injuries caused by District 187's actions;

     c.     Award R.E.H. reasonable costs, expenses, attorney's fees, and prejudgment interest as permitted by 42 U.S.C. § 1988, and for all costs, expenses, fees, and pre and post judgment interest associated with bringing this action; and

     d.     For such other and further relief as the court deems just and proper.

**COUNT THREE: VIOLATION OF THE AMERICANS WITH DISABILITY ACT AGAINST DISTRICT #187 FOR DISABILITY DISCRIMINATION BY DISTRICT 187 AGAINST R.E.H.**

75.     Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

76.     Plaintiff R.E.H. is, and was at all times pertinent hereto, a qualified individual within the meaning of 42 U.S.C. § 12102(1) in that she has Speech and/or Language Impairment.

77.     Plaintiff R.E.H.'s Speech and/or Language Impairment is a disability as defined under 42 U.S.C. § 12102(1) as it substantially limits one or more major life activities of Plaintiff. Plaintiff has record of such an impairment and/or District 187 perceives her to have a disability.

78.     District 187 is a place of public accommodation under the Americans with Disabilities Act.

79.     R.E.H. can access her education with reasonable accommodation.

80.     The accommodations requested by Parents on behalf of R.E.H. did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

81.     District 187 wrongfully refused to make reasonable accommodations to its special education programs to allow R.E.H. to fully and safely participate in her education programs.

82.     When District 187 unilaterally ceased providing R.E.H. with speech-language services, it failed to reasonably accommodate her disability, thereby denying her meaningful and equal access to the District's educational programs and services.

83.     This failure to provide necessary related services constituted a denial of FAPE and discriminated against R.E.H. on the basis of disability by depriving her of an equal opportunity to participate in and benefit from the District's educational offerings.

84.     At all relevant times herein, District 187 had actual knowledge of R.E.H.'s meaningful exclusion from school and the substantial risk of harm that this created for R.E.H.

85.     District 187 intentionally excluded R.E.H. from meaningful participation in its instructional programs due to her disabilities. District 187 was deliberately indifferent to R.E.H.'s unqualified right to meaningful participation in its education programs.

86.     By refusing to make reasonable accommodations to its special education programs to allow R.E.H. to participate meaningfully, District 187 discriminated against R.E.H. on the basis of her disability in violation of the Americans with Disability Act.

87.     As a proximate result of District 187's conduct, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

88.     WHEREFORE, Plaintiff respectfully requests judgment in her favor and against District 187, as follows:

   a.   Award Plaintiff such damages as would fully compensate her for her injuries caused by District 187's actions;

   b.   Punitive damages;

   c.   Statutory interest;

   d.   Pre and postjudgment interest;

   e.   Costs and expenses;

   f.   Reasonable attorney fees; and

   g.   Grant any additional relief as the court deems just and proper.

**COUNT FOUR: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST DISTRICT #187 FOR DISCRIMINATION FOR ASSOCIATION WITH AN INDIVIDUAL WITH A DISABILITY BY DISTRICT 187 AGAINST PARENTS**

89.     Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

90.     Plaintiff R.E.H. is, and was at all times pertinent hereto, a qualified individual within the meaning of 42 U.S.C. § 12102(1) in that she has Speech and/or Language Impairment.

91.     Plaintiff R.E.H.'s Speech and/or Language Impairment is a disability as defined under 42 U.S.C. § 12102(1) as it substantially limits one or more major life activities of Plaintiff; a record of such an impairment; and/or District 187 perceives her to have a disability.

92.     Parents are associated with R.E.H., who District 187 knows has a disability.

93.     District 187 is a place of public accommodation under the Americans with Disabilities Act.

94.     R.E.H. can access her education with reasonable accommodation.

95.     The accommodations requested by Parents on behalf of R.E.H. did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

96.     District 187 committed a civil rights violation, in violation of 775 ILCS 5/5A-101(F), when it did not take Parents' concerns regarding their advocacy for R.E.H. and the denial of her accommodations seriously because they are associated with an individual with a disability.

97.     District 187 excluded Parents from the IEP process and the ability to participate in their daughter's educational decisions when it unilaterally ceased services to R.E.H. because of their association with R.E.H., who is disabled.

98.     At all relevant times herein, District 187 had actual knowledge of R.E.H.'s meaningful exclusion from school and the substantial risk of harm that this created for R.E.H.

99.     District 187 was deliberately indifferent to Parents' unqualified right to advocate for R.E.H.'s meaningful participation in its education programs.

100.    By refusing to allow Parents to advocate for R.E.H.'s meaningful participation in education programs, District 187 discriminated against Parents on the basis of their association with an individual with a disability.

101.    As a proximate result of District 187's conduct, Plaintiffs suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

102.    WHEREFORE, Plaintiffs respectfully request judgment in their favor and against District 187, as follows:

> h.    Award Plaintiffs such damages as would fully compensate them for their injuries caused by District 187's actions;

    i.     Punitive damages;

    j.     Pre and postjudgment interest;

    k.     Statutory interest;

    l.     Costs and expenses;

    m.    Reasonable attorney fees; and

    n.     Any additional relief as the court deems just and proper.

## COUNT FIVE: VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT AGAINST DISTRICT #187 FOR DISABILITY DISCRIMINATION AGAINST R.E.H.

103.    Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

104.    It is the public policy of Illinois to prevent disability discrimination in elementary, secondary, and higher education.

105.    R.E.H. is a qualified individual with a disability within the meaning of 775 ILCS 5/1-103(I)(1). She has physical and mental impairments that substantially limit major life activities, including thinking, communicating, and learning.

106.    R.E.H. can access her education with reasonable accommodation.

107.    The accommodation requested by the parents did not impose an undue financial or administrative burden or fundamentally alter the nature of District 187's programs.

108.    District 187 is an Institution of Elementary, Secondary, or Higher Education as defined by 775 ILCS 5/5A-101(A).

109.    District 187 is place of public accommodation as defined by 775 ILCS 5/5-101(A)(11).

110.    Plaintiff is a student as defined by 775 ILCS 5/5-101(C).

15

111.    In relevant part, 775 ILCS 5/1-102(A) states it is the public policy of this state "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her…disability….and the availability of public accommodations."

112.    District 187 committed a civil rights violation, in violation of 775 ILCS 5/5A-101(F), when it failed to take appropriate disciplinary action against a representative of an institution of elementary, secondary, or higher education when it knew that the representative was discriminating against R.E.H. due to her disability by not providing speech therapy services.

113.    District 187 wrongfully refused to make reasonable accommodations to its special education programs to allow R.E.H. to fully and safely participate in her education programs.

114.    District 187 discriminated against Plaintiff R.E.H. due to her disability by failing to provide speech therapy services during the Fall 2024 semester.

115.    At all relevant times herein, District 187 had actual knowledge of R.E.H.'s meaningful exclusion from school and the substantial risk of harm that this created for R.E.H.

116.    District 187 intentionally excluded R.E.H. from meaningful participation in its instructional programs due to her disabilities. District 187 was deliberately indifferent to R.E.H.'s unqualified right to meaningful participation in its education programs.

117.    By refusing to provide reasonable accommodation to its education programs to allow R.E.H. to participate meaningfully, District 187 discriminated against R.E.H. on the basis of his disability in violation of the IHRA.

118.    As a proximate result of District 187's conduct, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

119.    WHEREFORE, Plaintiff respectfully requests judgment in her favor and against

District 187, as follows:

      a.    Award Plaintiff such monetary damages as would fully compensate her for her injuries caused by District 187's actions;

      b.    Statutory interest;

      c.    Pre and postjudgment interest;

      d.    Costs and expenses;

      e.    Reasonable attorney fees; and

      f.    Grant any additional relief as the court deems just and proper.

## COUNT SIX: VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT AGAINST DISTRICT #187 FOR DISCRIMINATION FOR ASSOCIATION WITH AN INDIVIDUAL WITH A DISABILITY AGAINST PARENTS

120.    Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of this Complaint.

121.    It is the public policy of Illinois to prevent disability discrimination in elementary, secondary, and higher education.

122.    R.E.H. is a qualified individual with a disability within the meaning of 775 ILCS 5/1-103(I)(1). She has physical and mental impairments that substantially limit major life activities, including thinking, communicating, and learning.

123.    R.E.H. can access her education with reasonable accommodation.

124.    Parents are individuals associated with a disability as defined by 775 ILCS 5/1-103(I)(2).

125.    District 187 is place of public accommodation as defined by 775 ILCS 5/5-101(A)(11).

126.    District 187 is an Institution of Elementary, Secondary, or Higher Education as

defined by 775 ILCS 5/5A-101(A).

127.    Plaintiff is a student as defined by 775 ILCS 5/5A-101(C).

128.    In relevant part, 775 ILCS 5/1-102(A) states it is the public policy of this state "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her…disability….and the availability of public accommodations."

129.    In relevant part, 775 ILCS 5/1-103(I)(2) states, "[d]iscrimination based on disability includes unlawful discrimination against an individual because of the individual's association with a person with a disability."

130.    District 187 committed a civil rights violation, in violation of 775 ILCS 5/5A-101(F), when it did not take Parents' concerns regarding their advocacy for R.E.H. and the denial of her accommodations seriously due to the fact that they are associated with an individual with a disability.

131.    At all relevant times herein, District 187 had actual knowledge of R.E.H.'s meaningful exclusion from school and the substantial risk of harm that this created for R.E.H.

132.    District 187 was deliberately indifferent to Parents' unqualified right to advocate for R.E.H.'s meaningful participation in its education programs.

133.    By refusing to make reasonable accommodations to its education programs to allow Parents to advocate for R.E.H.'s meaningful participation in education programs, District 187 discriminated against Plaintiffs on the basis of their association with an individual with a disability.

134.    As a proximate result of District 187's conduct, Plaintiffs suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

135.    WHEREFORE, Plaintiffs respectfully request judgment in their favor and against

District 187, as follows:

    a.   Award Plaintiffs such damages as would fully compensate them for their injuries caused by District 187's actions;

    b.   Statutory interest;

    c.   Pre and postjudgment interest;

    d.   Costs and expenses;

    e.   Reasonable attorney fees; and

    f.   Grant any additional relief as the court deems just and proper.

## COUNT SEVEN: VIOLATION OF THE ILLINOIS CIVIL RIGHTS REMEDIES RESTORATION ACT AGAINST DISTRICT #187

136.    Plaintiffs incorporate the allegations listed above by reference.

137.    Plaintiff R.E.H. is an individual entitled to protection under the Americans with Disabilities Act.

138.    Plaintiff R.E.H. is an individual entitled to protection pursuant to 775 ILCS 60/15.

139.    Defendant's above-mentioned actions are violations of Plaintiff's Civil Rights, as defined under 775 ILCS 60/15.

140.    WHEREFORE, Plaintiffs pray that this Court enter an ORDER:

    o.   Declaring Defendant's actions constitute civil rights violations under 775 ILCS 60/5.

    p.   Awarding Plaintiff R.E.H. such damages as would fully compensate her for her injuries caused by Defendant's civil rights violations, including compensatory and punitive damages, emotional pain and suffering, and other nonmonetary losses that may be determined by a jury or a court sitting without a jury, but in no case less than $4,000.00;

19

q.      Awarding Plaintiff R.E.H. her costs, expenses, and attorney's fees; and

r.      Granting any additional relief as the Court deems just and proper

### **JURY DEMAND**

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiffs respectfully

request a trial by jury of all issues triable by a jury.

Respectfully submitted,

*/s/ Sarah Jane Hunt*
Sarah Jane Hunt
KENNEDY HUNT, P.C.
4500 W Pine Blvd
St. Louis, MO 63108
Tel: (314) 872-9041
Fax: (314) 872-9043
sarahjane@kennedyhuntlaw.com

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the United
States District Court for the Southern District of Illinois' CM/ECF electronic filing system on
September 3, 2025, to the counsel of record:

*/s/ Sarah Jane Hunt*