**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

Tiffany Hammond and James Hammond )
As next friend on behalf of their )
Minor daughter, R.E.H. and in their )
Individual capacities, )
         )
        Plaintiff, )
         )
        vs. )      Case No. 3:25-cv-01714
         )
Cahokia Unit School District #187, )
         )
Illinois State Board of Education, )
         )
        Defendants. )

**DEFENDANT CAHOKIA UNIT SCHOOL DISTRICT #187'S
MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE AND MOTION
TO BIFURCATE PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant Cahokia Unit School District #187 (the "District"), by and through its attorneys Guin Mundorf, LLC, and for its Motion to Dismiss and Motion to Strike Plaintiffs' Complaint states as follows:

1.      Defendant Cahokia CUSD 187 incorporates into this Motion its Memorandum of Law.

2.      First and notably, the Complaint must be dismissed in its entirety for failing to properly name the Defendant Board of Education.  Under Illinois law, 105 ILCS § 5/10-2, "[t]he directors of each district shall be a body politic and corporate, by the name of 'school directors of district No.... , county of .... and State of Illinois,' and by that name may sue and be sued in all courts and places where judicial proceedings are had."  105 ILCS § 5/10-2. hose districts." (D. 33 at ECF p. 8) *Aase v. E. Peoria Cmty. Sch. Dist. 309*, No. 1:25-CV-01043-JEH-RLH, 2025 WL 1969906, at *3 (C.D. Ill. July 16, 2025) (citing 105 ILL. COMP. STAT. § 5/10-2). The Complaint

1

improperly names the Defendant School District Board of Education and did not initiate suit in its proper name. Therefore, the Complaint should be dismissed under Rule 12(b)(6).

3.    Count I of the Complaint alleges plaintiff was a prevailing party under the IDEA with respect to a due process hearing order and is requesting this Court award attorney's fees and costs, among other expenses and interest related to the due process proceedings. Count I is not appropriately brought before this Court and should be either dismissed or bifurcated as an independent cause of action. *Bd. of Educ. of Oak Park v. Nathan R., ex rel. Richard R.*, 199 F.3d 377, 381-82 (7th Cir. 2000).

4.    Counts IV and VI against Defendant Cahokia CUSD should be dismissed under Rule 12(c) because Plaintiff parents cannot maintain a cause of action against the District for associational discrimination under the *Americans with Disabilities Act* ("ADA") and *Illinois Human Rights Act* ("IHRA"). Plaintiff parents have not alleged and cannot prove they suffered a separate and distinct injury from their child, REH, which is a necessary element for associational discrimination claims. *Friends of Trumbull v. Chicago Bd. of Educ.*, 123 F. Supp. 3d 990, 995 (N.D. Ill. 2015). Alternatively, Defendant requests the Court dismiss Counts IV and VI under Rule 12(b)(6) for failure to state a claim.

5.    Counts V and VI should be dismissed under rule 12(c) due to Defendant's immunity under the *Tort Immunity Act*. 745 ILCS 10/2-201. The Complaint allegations are based on discretionary policy decisions related to REH's related services and educational services and programming. Therefore, the District is immune pursuant to the *Tort Immunity Act*.

6.    Counts II and III should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to allege a viable cause of action for discrimination under either Section 504 or the ADA. Plaintiff was not discriminated against due to her disability. *S.B., on behalf of her minor daughter,*

*S.B., Plaintiff-Appellant, v. Jefferson Parish School Board; Christi Rome; Janine Rowell; Lesley Nick, Defendants-Appellees,* No. 22-30139, 2023 WL 3723625, at \*4 (5th Cir. May 30, 2023). Therefore, Plaintiff cannot maintain a prima facie case of discrimination.

7.      Counts V and VI should similarly be dismissed for failure to state a claim under the IHRA. Any claim under the IHRA cannot be maintained because Plaintiff REH was not refused or denied access to education on the basis of unlawful discrimination due to her disability as described above. *M.U. By & Through Kelly U. v. Team Illinois Hockey Club, Inc.,* 2024 IL 128935, ¶ 27, 240 N.E.3d 446, 456 (Il. 2024) (citing *Zaderaka v. Illinois Human Rights Comm'n*, 137 Ill.Dec. 31, 545 N.E.2d 684 (1989)) (Illinois Courts interpret Section 5-102(A) through "persuasive federal case law construing Title III of the ADA, which contains similar language to section 5-102(A).").

8.      Count VII alleges violation of the *Illinois Civil Rights Remedies Restoration Act* which is premised upon liability under the ADA and Section 504. Therefore, Plaintiff cannot maintain a cause of action under the ADA or Section 504, as such Count VII should be dismissed.

9.      Plaintiff requests punitive damages and damages for emotional distress which should be stricken in accordance with federal law. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). While Count VII attempts to apply Illinois law in an effort to extend the remedies available to Plaintiffs, Defendant District requests this court strike said references. Furthermore, the *Illinois Civil Rights Remedies Restoration Act* makes no explicit reference to punitive damages as an available award.

10.      Additionally, inappropriate references to plaintiff's brother R.W.H. should be struck as irrelevant and unrelated to plaintiff's claims before the Court.

3

WHEREFORE, Defendant Cahokia Community Unit School District No. 187 respectfully requests this Court issue an Order granting its requested relief, dismiss the Complaint or alternatively bifurcate and strike said Complaint, and for such other and further relief as this Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY**

GUIN MUNDORF, LLC

By:     /s/ Dana B. Bond
        Dana B. Bond, #6323852
        Guin Mundorf, LLC
        Attorneys for Defendant
        310 Regency Centre, Collinsville, IL 62234
        Phone: (618) 301-4060/ Fax: (618) 301-4080
        dbond@gmschoollaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 3rd day of November, 2025, with the Court's electronic filing system (ECF), was notice of this filing will be sent via the Court's electronic case filing (ECF) system to counsel of record, listed below:

Sarah Jane Hunt
KENNEDY HUNT, P.C.
4500 W Pine Blvd
St. Louis, MO 63108
sarahjane@kennedyhuntlaw.com
Attorney for Plaintiffs

GUIN MUNDORF, LLC

By:  _____/s/ Dana B. Bond_____
Dana B. Bond, #6323852
Guin Mundorf, LLC
Attorneys for Defendant
310 Regency Centre, Collinsville, IL 62234
Phone: (618) 301-4060/ Fax: (618) 301-4080
dbond@gmschoollaw.com